**FORM B9I** (Chapter 13 Case) (12/12)                                                                                    Case Number **13–06198–hb**

# UNITED STATES BANKRUPTCY COURT
District of South Carolina

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 10/17/13.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the Bankruptcy Clerk's Office at the address listed below.
NOTE: The staff of the Bankruptcy Clerk's Office cannot give legal advice.

**Creditors – Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations.**

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
|---|---|
| Kay Smith Ward<br>fka Kay Frances Smith<br>105 Keystone Court<br>Travelers Rest, SC 29690 | Ernest Wayne Ward<br>105 Keystone Court<br>Travelers Rest, SC 29690 |
| Case Number:<br>13–06198–hb | Social Security / Individual Taxpayer ID / Employer Tax ID / Other Nos:<br>xxx–xx–8026<br>xxx–xx–3148 |
| Attorney for Debtor(s) (name and address):<br>David C. Gaffney<br>Gaffney Law Firm<br>PO Box 3966<br>West Columbia, SC 29171<br>Telephone Number: 803–781–0500 | Bankruptcy Trustee (name and address):<br>Gretchen D. Holland<br>3 Caledon Court, Suite A<br>Greenville, SC 29615<br>Telephone number: (864) 242–0314 |

### Meeting of Creditors:
**Date: November 18, 2013**                                                                Time: **10:30 AM**
Location: **Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306–2355**

### Deadlines:
Papers must be *received* by the Bankruptcy Clerk's Office by the following deadlines:

#### Deadline to File a Proof of Claim
For all creditors (except a governmental unit): **2/17/14**        For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)): **4/15/14**

#### Deadline to File a Complaint to Determine Dischargeability of Certain Debts:
**1/17/14**

#### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

#### Filing of Plan, Hearing on Confirmation of Plan
**The hearing on confirmation will be held:**
Date: **12/16/13**    Time:* **09:00 AM**
Location: **Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306–2355**
*****Time: In the event the time of the confirmation hearing is changed, an amended notice of confirmation hearing will be sent.**

### Creditors May Not Take Certain Actions
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the Court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

| **Mailing Address of the Bankruptcy Clerk's Office:**<br>United States Bankruptcy Court<br>J. Bratton Davis United States Bankruptcy Courthouse<br>1100 Laurel Street<br>Columbia, SC 29201–2423<br>Telephone Number: 1–803–765–5436<br>www.scb.uscourts.gov | **FILED BY THE COURT ON:**<br>**10/17/13**<br>Laura A. Austin Clerk<br>U.S. Bankruptcy Court |
|---|---|
| Public Business Hours: 9:00 AM – 5:00 PM | Dated: 10/18/13 |

**EXPLANATIONS** FORM B9I (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be provided to you later, and if the confirmation hearing is not indicated on the front side of this notice, you will be issued notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the Court orders otherwise. |
| Legal Advice | The staff of the Bankruptcy Clerk's Office cannot give legal advice. Consult a lawyer to determine your rights. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the Court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee, and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. You can obtain a copy of the proof of claim form at the Bankruptcy Clerk's Office in Columbia or through the Court's website at www.scb.uscourts.gov. Please call the Clerk's Office if you have procedural questions about the filing of a proof of claim. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the Bankruptcy Court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the Court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may be prohibited from collecting the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523, you must commence an adversary proceeding against the debtor by the same deadline. The Bankruptcy Clerk's Office must receive the the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The Bankruptcy Clerk's Office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any pleading or document that you file in this bankruptcy case should be filed at the Bankruptcy Clerk's Office at the address listed on the front side. Certain parties are required to electronically file documents pursuant to the orders of this Court. You may view the public record of this case, including the list of the debtor's property and debts and the list of property claimed as exempt, at the Bankruptcy Clerk's Office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States Bankruptcy Law if you have any questions regarding your rights in this case. |

–– Refer to Other Side for Important Deadlines and Notices ––

| | |
|---|---|
| Dismissal Notice | This case may be dismissed without further notice or hearing should the debtor fail to comply with SC LBR 1017–2 (providing for dismissal for a failure to: pay the applicable filing fee, file or provide documents, attend the meeting of creditors, or file a chapter 13 plan. If confirmation of a plan is denied, or if payments to the Trustee required by 11 U.S.C. § 1326(a) are not timely made by the debtor, the case may be dismissed without futher notice or hearing, at the confirmation hearing). |
| Miscellaneous Notice | The Voice Case Information System (VCIS) will give status information on cases filed or converted after 11/30/88. Call 1–866–222–8029. Please refer to the Court's web site at www.scb.uscourts.gov for further information. |
| Confirmation Hearing | The debtor is required to appear at the Confirmation Hearing unless excused by order of the Court or Chambers Guidelines. Any objection to confirmation of the proposed plan and related motions must be filed and served in compliance with SC LBR 3015–1, SC LBR 9013–3, and SC LBR 9014–1. If objections to confirmation are timely filed, they will be heard at the Confirmation Hearing at the time and place set forth above or at a hearing, separate notice of which will be given by the Court. Objections to confirmation may be overruled if the objecting creditor fails to appear and prosecute the objection. If no objection is timely filed in accordance with SC LBR 3015–1, SC LBR 9013–3 and SC LBR 9014–1, the plan may be confirmed and related motions resolved on recommendation of the trustee. Should this happen, the Confirmation Hearing may be canceled. |
| Secured Claims | Any creditor that takes possession of its collateral, whether by judicial action, voluntary surrender, or through operation of the plan, will be paid nothing unless a proof of claim for any deficiency is filed after disposal of the collateral. This also applies to creditors who may claim an interest in collateral released to another lienholder or collateral on which the stay has been modified by another lienholder. |
| Abandonment | All property of the estate which the trustee considers to be burdensome or of inconsequential value and benefit may be abandoned by the trustee at the meeting of creditors unless creditors or parties in interest object. |
| Plan Summary | Pursuant to SC LBR 3015–1, the debtor's attorney or a pro se debtor is required to serve, under separate cover, a copy of the plan on all creditors. SC LBR 3015–1 requires that this plan substantially conform to the form plan set forth in Exhibit A to SC LBR 3015–1. This form plan requires periodic payment (usually monthly) by the debtor to the trustee. This form plan also provides for payment of any unpaid fees owed to the debtor's attorney at a specified percentage of payments made to creditors. This form plan also provides for periodic payment (usually monthly) on the allowed secured claims of some secured creditors, followed by pro rata payment of the allowed amounts of priority claims, and pro rata payment of allowed unsecured claims until a specified percentage of unsecured claims is paid. The plan may contain other provisions which affect the rights of creditors, therefore, the plan itself should be consulted. |